TUCKER ELLIS LLP
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:     213.430.3409

Attorneys for Plaintiff
VERRAGIO, LTD.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERRAGIO, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MALAKAN DIAMOND CO., <br><br> Defendant. | Case No. 1:16-902 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL** |

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, files its complaint against Defendant Malakan Diamond Co. for injunctive relief and damages as follows:

**Subject Matter Jurisdiction and Venue**

1. This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, et seq., and 17 U.S.C. §§ 101, *et seq*., respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement and trademark infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because defendant Malakan Diamond Co. ("Malakan") transacts business in the Eastern District of California.

**Parties and Personal Jurisdiction**

4. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

5. Malakan Diamond Co. ("Malakan") is a California corporation with its principal place of business at 1354 W. Herndon Ave., Fresno, CA 93711.

6. This Court has personal jurisdiction over Malakan because Malakan transacts business and has other related activities within the Eastern District of California. Malakan regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.

**The Business of Verragio**

7. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

8. For over 20 years, Nisguretsky has been an innovator in the design, creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

9. Among Nisguretsky's jewelry designs are D100, AFN 5005 CU, AFN 5060 CU and INS 7061R, each an original design comprising copyrightable subject matter under the laws of the United States.

10. D100 is part of Verragio's Parisian Collection.

11. AFN 5005 CU and AFN 5060 CU are part of Verragio's Venetian Collection.

12. INS 7061R is part of Verragio's Insignia Collection.

13. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights in D100. A picture of D100 is attached to this Complaint as Exhibit 1.

14. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for D100 (Certificate No. VA 1-818-420), a copy of which is attached to this Complaint as Exhibit 2.

15. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5005 CU. A picture of AFN 5005 CU is attached to this Complaint as Exhibit 3.

16. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5005 CU (Certificate No. VA 1-848-332), a copy of which is attached to this Complaint as Exhibit 4.

17. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5060 CU. A picture of AFN 5060 CU is attached to this Complaint as Exhibit 5.

18. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5060 CU (Certificate No. VA 1-866-432), a copy of which is attached to this Complaint as Exhibit 6.

19. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in INS 7061. A picture of INS 7061R is attached to this Complaint as Exhibit 7.

20. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS 7061R (Certificate No. VA 1-818-623), a copy of which is attached to this Complaint as Exhibit 8.

21. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including D100, AFN 5005 CU, AFN 5060 CU and INS 7061R.

22. Since its creation, D100, AFN 5005 CU, AFN 5060 CU and INS 7061R have been manufactured by Verragio, or under its authority.

23. Almost every engagement ring sold by Verragio contains the Verragio Crest. The Verragio Crest, as it applies to jewelry, "consists of the configuration of a crest in the shape of a crown with three points featured as a part of a ring design." Verragio owns a United States trademark registration for the Verragio Crest, Registration No. 4,336,434. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit 9.

24. Verragio has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing and marketing of its jewelry featuring the Verragio Crest.

25. Verragio advertises its products, including jewelry that contains the Verragio Crest, in social media including Facebook, Pinterest, Twitter, YouTube, Instagram, Google+ and over the World Wide Web through its website www.verragio.com.

26. Verragio jewelry bearing the Verragio Crest has been sold to retail stores throughout the United States. These retail stores display and offer for sale to the general public jewelry that contains the Verragio Crest.

27. Verragio jewelry bearing the Verragio Crest has had outstanding commercial success. As a result, jewelers and the public recognize the Verragio Crest as designating an exclusive source, thereby creating a goodwill which inures to Verragio's benefit.

### The Business of Malakan

28. Verragio is informed and believes, and on that basis alleges, that Malakan is a manufacturer and wholesaler of jewelry.

29. Verragio is informed and believes, and on that basis alleges, that Malakan operates its jewelry business in direct competition with Verragio's jewelry business.

30. Verragio is informed and believes, and on that basis alleges, that Malakan operates its jewelry business in direct competition with retailers that purchase jewelry from Verragio.

31. Verragio is informed and believes, and on that basis alleges, that Malakan sells its jewelry to, and actively solicits and seeks as customers, the same jewelry retailers as Verragio.

32. Verragio is informed and believes, and on that basis alleges, that Malakan sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

33. Verragio has not authorized Malakan to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry designs of D100, AFN 5005 CU, AFN 5060 CU and INS 7061R or any other copyrighted ring design licensed to Verragio.

34. Verragio has not authorized Malakan to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Verragio Crest trademark.

4
COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

35. Verragio is informed and believes, and on that basis alleges, that Malakan has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry designs of D100, AFN 5005 CU, AFN 5060 CU and INS 7061R and other copyrighted ring designs licensed to Verragio.

36. Verragio is informed and believes, and on that basis alleges, that Malakan has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Verragio Crest trademark.

37. Pictures of some of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit 10.

**First Cause of Action**

(Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

38. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 37 of this Complaint as though fully set forth.

39. Malakan's acts constitute infringement of Verragio's licensed copyrights in D100, AFN 5005 CU, AFN 5060 CU and INS 7061R in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

40. For example, Malakan sold a ring to AE Jewelers, Inc. and/or AE Jewelers of Appleton, LLC (collectively, "A&E") which infringes Verragio's copyright in D100. A comparison of D100 to A&E Ring Number 1 follows:




Verragio Style No. D100     Malakan/A & E Ring #1

41. For further example, Malakan sold another ring to A&E which infringes Verragio's copyright in AFN 5060 CU. A comparison of AFN 5060 CU to A&E Ring Number 2 follows:

 

Verragio Style No. AFN 5060CU          Malakan/A & E Ring #2

42. Malakan also sold a ring to Harold Jaffe Jewelers which infringes Verragio's copyright in AFN 5005 CU. A comparison of AFN 5005 CU to the Harold Jaffe ring follows:

 

Verragio Style No. AFN-5005 CU          Malakan/Harold Jaffe Jewelers Ring

43. In addition, Malakan sold a ring to Jensen Jewelers which infringes Verragio's copyright in INS 7061R. A comparison of INS 7061R to the Jensen Jewelers ring follows:




Verragio Style No. INS 7061R          Jensen Jewelers/Malakan Ring

44. Verragio is informed and believes, and on that basis alleges, that Malakan's manufacture, distribution, duplication and/or sale of infringing copies of D100, AFN 5005 CU, AFN 5060 CU and INS 7061R was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

45. Malakan's copyright infringement has caused, and will continue to cause Verragio to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to D100, AFN 5005 CU, AFN 5060 CU and INS 7061R and further, has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Malakan from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

46. Malakan's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Malakan's acts and continuing acts. Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Malakan. Therefore, Verragio is entitled to preliminary and

permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of D100, AFN 5005 CU, AFN 5060 CU and INS 7061R, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

47. Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action

(Trademark Infringement Under 15 U.S.C. § 1114(1))

48. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 47 of this Complaint as though fully set forth here.

49. Malakan's use in commerce of Verragio's federally registered trademark in the Verragio Crest is likely to cause confusion, mistake, or to deceive.

50. The above-described acts of Malakan constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Verragio to relief.

51. Malakan has unfairly profited from the trademark infringement alleged.

52. By reason of Malakan's acts of trademark infringement, Verragio has suffered damage to the goodwill associated with the Verragio Crest.

53. Malakan's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and its federally registered trademark.

54. Malakan's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

55. By reason of Malakan's acts of trademark infringement, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted by Malakan. Accordingly, Verragio is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

56. By reason of Malakan's willful acts of trademark infringement, Verragio is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

57. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## Third Cause of Action

(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

58. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 57 of this Complaint as though fully set forth.

59. Verragio's jewelry incorporating the Verragio Crest has a unique and distinctive design which designates a single source of origin.

60. Malakan's use in commerce of the Verragio Crest is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Malakan's goods or service are authorized, sponsored or approved by or are affiliated with Verragio.

61. The above-described acts of Malakan constitute trademark infringement of the Verragio Crest and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Verragio to relief.

62. Verragio is being damaged and is likely to be damaged in the future by Malakan's infringement by reason of the likelihood that purchasers of Malakan's goods will be confused or mistaken as to source, sponsorship or affiliation of Malakan's jewelry.

63. Malakan has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

64. By reason of the above-described acts of Malakan, Verragio has suffered and will continue to suffer damage to the goodwill associated with the Verragio Crest.

65. The above-described acts of Malakan have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and the Verragio Crest.

66. The above-described acts of Malakan have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

67. By reason of the above-described acts of Malakan, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Verragio is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

68. Because the above-described acts of Malakan were willful, Verragio is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

69. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Fourth Cause of Action**

(Violation of California Unfair Competition Law)

70. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 69 of this Complaint as though fully set forth.

71. Verragio is informed and believes that Malakan is in direct competition with Verragio.

72. Malakan has infringed Verragio's trademark and sold infringing products in violation of Verragio's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq.*, and under the common law of the State of California.

73. Pursuant to California Business and Professions Code § 17203, Malakan is required to disgorge and restore to Verragio all profits and property acquired by means of Malakan's unfair competition with Verragio.

74. Due to the conduct of the Malakan, Verragio has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Malakan's acts and continuing acts. Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Malakan. Accordingly, Verragio is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

75. Verragio is informed and believes and on that basis alleges that Malakan's conduct has been intentional and willful and in conscious disregard of Verragio's rights and, therefore, Verragio is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Malakan and to make an example of Malakan to the community.

**Prayer for Relief**

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against Malakan that Malakan has:

a. infringed the rights of Verragio in Verragio's federally registered copyrights D100, AFN 5005 CU, AFN 5060 CU and INS 7061R under 17 U.S.C. § 501;

b. infringed the rights of Verragio in its federally registered trademark in its Verragio Crest in violation of 15 U.S.C. § 1114;

c. infringed the rights of Verragio in its Verragio Crest in violation of 15 U.S.C. § 1125; and

d. competed unfairly with Verragio at common law and in violation of California Business and Professions Code § 17200.

2. That each of the above acts by Malakan were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Malakan and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Malakan, from:

(a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Malakan that is confusingly similar to the Verragio Crest, or that is substantially similar to copyrighted designs D100, AFN 5005 CU, AFN 5060 CU and INS 7061R licensed to Verragio;

(b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

(c) engaging in any other activity constituting an infringement of Verragio's trademark rights in the Verragio Crest and/or Verragio's licensed copyrighted jewelry designs; and

(d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4. That Verragio be awarded damages for Malakan's trademark infringement, and unfair competition.

5. That Verragio be awarded Malakan's profits resulting from its infringement of Verragio's trademark.

6. That damages resulting from Malakan's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

7. That Verragio be awarded all profits and property acquired by means of Malakan's unfair competition with Verragio.

8. That Malakan be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

9. That Verragio be awarded exemplary or punitive damages in an amount appropriate to punish Malakan and to make an example of Malakan to the community.

10. That Verragio be awarded damages for Malakan's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Malakan's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

11. That the Court issue a Permanent Injunction enjoining and restraining Malakan and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Malakan, from:

    (a) copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the Verragio Crest or infringing copies of Verragio's licensed copyrighted jewelry designs;

    (b) engaging in any other activity constituting an infringement of any of Verragio's trademarks or licensed copyrighted jewelry designs; and

    (c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 11(a) through 11(b) above.

12. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

13. That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

14. That the Court award Verragio its costs of suit incurred herein.

15. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED: October 31, 2016                    Tucker Ellis LLP

                                           By: __/s/Howard A. Kroll_____
                                               Attorneys for Plaintiff
                                               VERRAGIO, LTD.

**DEMAND FOR TRIAL BY JURY**

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

DATED:  October 31, 2016	Tucker Ellis LLP

By:  __/s/Howard A. Kroll_____
Attorneys for Plaintiff
VERRAGIO, LTD.